## RAGAN *v.* SMITH.

The evidence demanded the verdict which was rendered in the justice's court, and the judge did not err in overruling the certiorari.

Argued June 16, — Decided August 2, 1899.

Certiorari. Before Judge Henry. Floyd superior court. July term, 1898.

*Fouche & Fouche*, for plaintiff.
*W. S. McHenry* and *Halsted Smith*, for defendant.

COBB, J. Ragan sued Smith in the justice's court, on a paper of which the following is a copy: "June 29, 1897. I agree to waive lien of my judgments against Lace Jones in favor of R. J. Ragan, for the sum of twenty dollars, if said Ragan will furnish Lace Jones with that amount of provisions to run his crop with. [Signed] Halsted Smith, Bearer." The justice rendered a judgment in favor of the plaintiff, and the defendant entered an appeal to a jury in the justice's court. At the

trial on the appeal the evidence was, in substance, as follows: Smith, the defendant, controlled certain judgments against Jones. Jones applied to Ragan, the plaintiff, to purchase provisions to the value of twenty dollars on credit, which was refused. Whereupon Jones brought to Ragan the paper sued on, and upon the faith of the agreement contained in this paper the credit was extended. No part of the twenty dollars has been paid. During the year 1897 Jones made thirteen bales of cotton, nine of which went to pay rent, and three to pay off a certain judgment against him. The remaining bale was taken by certain persons representing the defendant Smith, and sold, and Smith received the proceeds. The word "bearer," appearing after the name of Smith in the instrument sued on, signified that Smith represented certain clients who held judgments against Jones. Jones intended to pay Ragan his debt out of the bale of cotton taken by Smith, and he had no other property with which to pay the debt. The jury returned a verdict for the defendant, which the judge of the superior court on certiorari refused to disturb, and the plaintiff excepted.

The petition for certiorari characterizes the suit as one "for the breach of a contract," the bill of exceptions refers to it as a suit "for the breach of a certain written agreement," and the brief of counsel for plaintiff in error deals with it as if it were an action for money had and received. Counsel for defendant in error in his brief treats the case as if it were a suit for breach of contract, and contends that no case was made by the evidence. The paper sued on can not in any view of the case be so construed as to make it contain an undertaking, original or collateral, to pay the plaintiff the amount specified therein. It follows, therefore, if the suit is to be treated as one for the breach of a "written agreement," the verdict in favor of the defendant was the proper finding. Exactly what was the agreement intended to be evidenced by the paper sued on it is difficult to determine. The paper is vague, uncertain, and indefinite in its terms, and upon its face shows that it does not contain the entire agreement. Even if the paper can be treated otherwise than void for uncertainty, the most favorable construction in behalf of the plaintiff that could be placed upon

it is that it is an undertaking on the part of the defendant not to enforce the judgments against Jones which defendant controlled àt the date of the signing of the paper, in such a way as to prejudice plaintiff in the collection of his claim against Jones. There was no evidence whatever showing that the money received by Smith from the proceeds of the bale of cotton was appropriated to any of the judgments that were intended to be within the operation of the agreement. The verdict in favor of the defendant was right, and the court did not err in overruling the certiorari.

<em>Judgment affirmed. All the Justices concurring.</em>